# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| PHIL L. BENNETT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00048 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Phil L. Bennett ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Portfolio Recovery Associates, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

### JURISDICTION AND VENUE

2.  Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas, Defendant conducts business in the Western District of Texas, and maintains significant contacts within the Western District of Texas.

### PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant PRA is a limited liability company formed under the laws of the State of Delaware. PRA uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. PRA was founded in 1996 and is one of the nation's largest debt collectors.[1]

### FACTS SUPPORTING CAUSES OF ACTION

6.   Around January 2018, Defendant began placing calls to Plaintiff's cellular telephone number, (915) XXX-0730, in an attempt to collect a Merrick Bank account Plaintiff had allegedly defaulted on prior to 2018 ("subject debt").

7.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in -0730.

8.   Defendant placed these calls in an attempt to collect the allegedly defaulted subject debt.

9.   Immediately after the calls began, Plaintiff answered a phone call to his cellular telephone from Defendant. During this call Plaintiff requested that Defendant not to call him again.

10. Subsequently, Plaintiff answered numerous calls from Defendant, and in each answered call, demanded that Defendant cease its calls to Plaintiff's cellular telephone.

---

[1] https://www.portfoliorecovery.com/?gclid=EAIaIQobChMI7Pvgj4KD2gIVHLjACh11MAX3EAAYASAAEgL3PvD_BwE (Last Viewed July 8, 2019)

11. Since 2018, Plaintiff has requested that Defendant stop calling his cellular phone ending in -0730 no less than 50 times.

12. Plaintiff's demands that Defendant's phone calls cease were ignored and Defendant continued its phone harassment campaign.

13. Around October 2018, Plaintiff obtained a new telephone number, (915) XXX-0946 due to Defendant's harassing behavior.

14. Plaintiff never provided his cellular telephone number ending in -0946 to Defendant.

15. Despite Plaintiff obtaining a new cellular telephone number, Defendant continued its phone harassment campaign.[2]

16. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephones ending in -0730 and -0946 from 2018 through the present day.

17. Moreover, in the phone calls Plaintiff answered, Plaintiff heard a pause and what sounds to be call center noise in the background of Defendant's calls.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephones ending in -0730 and -0946 using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

19. The phone numbers that Defendant most often uses to contact Plaintiff are (915) 206-4812, (757) 512-5299, (505) 240-8131, (304) 202-4828, (866) 453-8025, (915) 209-4863, (580) 262-6957, (630) 256-8591, (405) 256-1045, (325) 284-3753, (620) 277-9011, (480) 327-6789, (866) 321-8170, (630) 214-1292, and (866) 322-7104 but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

## DAMAGES

---

[2] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number ending in -0946 through the skip-tracing process.

20. Plaintiff has suffered and continues to suffer from emotional distress, depression, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

24. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

29. Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiff's cellular telephone from 2018 through the present day, using an ATDS without his prior consent.

30. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, PHIL L. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Enjoining Defendant from contacting Plaintiff; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

39. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or telephones to collect delinquent accounts allegedly owed to a third party.

40. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

41. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

42. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

43. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5), through its unlawful debt collection practices.

### a.  Violations of FDCPA § 1692c

44. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on multiple occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

45. Furthermore, Defendant has relentlessly called Plaintiff on multiple occasions despite Plaintiff obtaining a new cellular telephone number. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him into submission.

46. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and distressing to him.

### b.  Violations of FDCPA § 1692d

47. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on numerous occasions.

48. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from 2018 through the present day, using an ATDS without his prior consent.

49. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

50. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

51. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff PHIL L. BENNETT respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

52. Plaintiff restates and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

54. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

55. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

56. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

57. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

58. Furthermore, Defendant relentlessly contacted Plaintiff despite Plaintiff obtaining a new cellular telephone number. Placing such voluminous calls constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

59. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff, PHIL L. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 19, 2020                    Respectfully Submitted,

                                            /s/ Alexander J. Taylor
                                            /s/ Marwan R. Daher
                                            /s/ Omar T. Sulaiman
                                            Alexander J. Taylor, Esq.
                                            Marwan R. Daher, Esq.
                                            Omar T. Sulaiman, Esq.
                                            *Counsel for Plaintiff*
                                            Sulaiman Law Group, Ltd
                                            2500 S Highland Ave, Suite 200
                                            Lombard, IL 60148
                                            Telephone: (630) 575-8181
                                            ataylor@sulaimanlaw.com
                                            mdaher@sulaimanlaw.com
                                            osulaiman@sulaimanlaw.com